**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0156n.06
Filed: December 16, 2004

**No. 03-6630**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MICHAEL A. NASH, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Plaintiff-Appellee. | ) | |
| | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

**PER CURIAM.** There is no legal basis for reversing the district court's denial of the motion to suppress evidence. First, the magistrate judge did not clearly err in finding that Nash lacked credibility. Nash points to minor potential inconsistencies and memory lapses in the testimony of the government's witnesses to show that the testimony was not credible. Such gaps in the testimony, such as the clothing officers wore, whether Mr. Nash's name was called at the door, whether the officer spoke with a raised voice, whether any officers had weapons raised, were peripheral to the heart of the testimony and do not indicate lack of credibility sufficient to constitute clear error.

---

[*]The Hon. Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Nor was Nash's consent the product of coercion. In light of all relevant factors and circumstances, including the details of the detention and a consideration of "more subtle forms of coercion that might flaw [an individual's] judgment," the record reflects that Nash's consent was freely given. *See United States v. Ivy*, 165 F.3d 397, 402 (6th Cir. 1998) (quoting *United States v. Watson*, 423 U.S. 411, 424 (1976)). Here, Nash was handcuffed and surrounded by a handful of police officers, but these facts alone are insufficient to create a lack of voluntariness in his consent to search. *See United States v. Burns*, 298 F.3d 523, 541 (6th Cir. 2002) (holding that a defendant's consent was valid even though given in custody); *see also United States v. Strache*, 202 F.3d 980, 986 (7th Cir. 2000) (holding that where a defendant was handcuffed for twenty minutes and had not been Mirandized, his consent to search was nonetheless voluntary).

Nash's reliance on *United States v. Saari*, 272 F.3d 804 (6th Cir. 2001), to argue he was illegally "seized" prior to his granting consent, is likewise unavailing. The court in *Saari* explicitly upheld the legitimacy of doorstep investigatory interviews such as that to which Nash was subjected, and only found that *Saari* had been constructively arrested because of the coercive aspects of the interaction – aspects largely missing from the interaction in this case. No testimony in the present case indicates drawn weapons, raised voices, or coercive demands on the part of the police such as those at play in *Saari*. Rather, Nash opened the door willingly, and when requested, stepped out onto the porch, engaged in conversation, and freely gave his consent to the search.

AFFIRMED.